**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:          Guadalupe Henry Zambrano v. The State of Texas

Appellate case number:     01-16-00352-CR

Trial court case number:     1461905

Trial court:                           232nd District Court of Harris County

On January 9, 2017, appellant's court-appointed counsel filed a brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel, however, did not file the required motion to withdraw. *See In re Schulman*, 252 S.W.3d 403, 411–12 (Tex. Crim. App. 2008). On January 26, 2017, April 13, 2017, and May 2, 2017, we notified counsel, J. Sidney Crowley, of the failure to file a motion to withdraw and directed him to file a motion. In the May 2, 2017 order, we also notified counsel that, if did not file the requested motion by May 12, 2017, the Court might be required to strike the *Anders* brief, abate the appeal, and remand the case to the trial court for further proceedings. Counsel has not filed a motion to withdraw or otherwise responded.

Accordingly, we strike the *Anders* brief filed on January 9, 2017, abate the appeal, and remand the case for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, J. Sidney Crowley, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1       Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court is directed to:

(1)     determine whether appellant wishes to prosecute the appeal;

(2)     if yes, determine why counsel has failed to file a motion to withdraw and whether good cause exists to relieve J. Sidney Crowley of his duties as appellant's counsel;

(3)     if good cause exists, enter a written order relieving J. Sidney Crowley of his duties as appellant's counsel and appoint substitute appellate counsel at no cost to appellant;

(4)     if good cause does not exist, set a date by which counsel must file a motion to withdraw in this Court;

(5)     make any other findings and recommendations the trial court deems appropriate; and

(6)     enter written findings of fact, conclusions of law, and recommendations as to these issues.

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Russell Lloyd
                    ☑ Acting individually    ☐ Acting for the Court

Date:  June 1, 2017